FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 NOV 25 PM 2:30

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROSALIE SUMMERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 113-180 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se* on September 24, 2013, attempting to seek court review of an adverse decision by the Acting Commissioner concerning her request for "SSD" benefits (doc. no. 1), and requesting permission to proceed *in forma pauperis* ("IFP") (doc. no. 2). On October 22, 2013, this Court granted Plaintiff's motion to proceed IFP and ordered Plaintiff to amend her complaint. (Doc. no. 3.) Plaintiff has now submitted an amended complaint. (Doc. no. 4.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** and that this civil action be closed.

I. **BACKGROUND**

In the Court's October 22, 2013 Order, the Court directed Plaintiff to address several deficiencies in her complaint, including "when in particular she previously applied for benefits with the Social Security Administration or when her application was

denied, whether she appealed the denial, or for what type of benefits she applied." (Doc. no. 3, pp. 1-2.) The Court reminded Plaintiff that it informed her of these same deficiencies in her previous case with the Court, which was dismissed for lack of subject matter jurisdiction. (Id. at 2, n.1; Summers v. Barnhart, CV 104-007, doc. no. 8 (S.D. Ga. Dec 28, 2004), *adopted by*, doc. no. 14 (S.D. Ga. Mar. 17, 2005).)

In her amended complaint, Plaintiff offers the Court virtually no information regarding her claims and fails to provide any of the information that the Court instructed her to include. Plaintiff states that she has been disabled and unable to work since 1993. (Doc. no. 4, p. 3.) She has been filing for "SSD" since 1994 and found out ten years later that she could not file for benefits anymore. (Id.) Plaintiff wants the Court to "reevaluate [her] case and listen to [her] story." (Id. at 3-4.)

## II. DISCUSSION

As a general rule, 42 U.S.C. § 405(g) is the sole jurisdictional basis for judicial review in Social Security matters. See 42 U.S.C. § 405(h);[1] See United States v. Blue Cross & Blue Shield of Ala., Inc., 156 F.3d 1098, 1104 (11th Cir. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 757-62 (1975) (explaining that § 405(h) bars federal

---

[1]Section 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

2

district courts from hearing Social Security claims where jurisdiction is allegedly based upon general federal question jurisdiction)); see also Califano v. Sanders, 430 U.S. 99, 105-07 (1977) (holding that Administrative Procedure Act does not provide the district courts with an independent source of subject matter jurisdiction over Social Security claims). Section 405(g), in pertinent part, provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has [her] principal place of business, or, if [s]he does not reside or have [her] principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g).

Thus, § 405(g) provides the following prerequisites for judicial review: 1) a final decision made by the Acting Commissioner after a hearing, 2) the commencement of a civil action within sixty days of the mailing of notice of the Acting Commissioner's decision, and 3) the filing of the action in an appropriate district court. Weinberger, 422 U.S. at 763. Here, Plaintiff fails to allege facts that satisfy the first requirement. Plaintiff only states that she found out ten years after first filing for benefits in 1994 that she could no longer do so. Plaintiff points to no decision of the Acting Commissioner that was final for the purpose of judicial review under 42 U.S.C. § 405(g).

However, even assuming Plaintiff refers to a final decision made by the Acting Commissioner after a hearing when she states that she found out ten years after first filing for benefits in 1994 that she could no longer do so, Plaintiff also fails to meet the second requirement. Once the claimant obtains a final decision from the Commissioner, she has

sixty days from the mailing of notice of that decision to bring an action in federal court. 42 U.S.C. § 405(g); see also C.F.R. §§ 404.981, 422.210. The only dates Plaintiff has provided this Court are that she first filed for benefits in 1994 and found out ten years later that she could no longer file for benefits. If the Court were to assume that the Acting Commissioner made a final decision after a hearing in 2004, Plaintiff's claim is still untimely, as it was filed well beyond the sixty-day limit provided by 42 U.S.C. § 405(g).

However, the requirement of filing a complaint within sixty days is "not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986) (citations omitted); see also Harris v. Colvin, CV 113-111, 2013 WL 4875089 (S.D. Ga. Sept. 11, 2013). Nevertheless, because "the sixty-day limit is a statute of limitations, it is a condition on the waiver of sovereign immunity and thus must be strictly construed." Bowen, 476 U.S. at 479. Plaintiff has offered no basis upon which the statutory period may be equitably tolled. Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). In order to justify an untimely filing, a claimant must show "extraordinary circumstances." Id. That standard may be met where, for instance, "the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her. . . ." Id. (citing Waller v. Comm'r, 168 F. App'x 919, 922 (11th Cir. 2006)). Here, Plaintiff has not demonstrated any circumstances, extraordinary or otherwise, that would justify the untimeliness of her filing and thus allow for equitable tolling.

III.  **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of November, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

5